WO                                                                                                                   MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Reginald D. Trotter,

            Plaintiff,

v.

Paul Penzone, et al.,

           Defendants.

No. CV 20-01338-PHX-MTL (JZB)

**ORDER**

On July 6, 2020, Plaintiff Reginald D. Trotter, who was then confined in a Maricopa County jail,[1] filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a July 21, 2020 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the required fees or file a complete in forma pauperis application.

On August 21, 2020, Plaintiff filed a First Amended Complaint (Doc. 7)[2] and a second Application to Proceed In Forma Pauperis (Doc. 8).  The Court will grant the Application to Proceed and order Defendant Barboza to answer Count Three of the First Amended Complaint.  The remaining claims and Defendants will be dismissed without prejudice.

---

[1] On August 3, 2020, Plaintiff filed a Notice of Change of Address indicating that he had been transferred to Arizona State Prison Complex-Tucson.

[2] Plaintiff mistakenly identified this pleading as a "Second Amended Complaint."

TERMPSREF

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $46.01. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.     First Amended Complaint**

The First Amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, the Court will consider only those claims raised in the First Amended Complaint against only those Defendants named in the First Amended Complaint.

In his three-count First Amended Complaint, Plaintiff asserts claims for threats to his safety and inadequate medical care.[3] He names as Defendants Maricopa County; Detention Officers Hortelano and C. Barboza; and multiple Doe Defendants identified as "Medical Provider/Nurse Jane Doe 1," "Medical Provider Nurse Jane Doe 2," "Correctional Health Services staff[]," and "Detention Officers." Plaintiff is seeking $5 million in damages.

In Count One, Plaintiff alleges that his rights were violated when he was assaulted by another inmate on December 4, 2019. Plaintiff claims that he submitted "multiple grievance and request forms[] asking to be move[d]" over a two-month period. He also claims that he told Defendant Hortelano on multiple occasions that he needed to be "remove[d] and place[d] in a different unit for [his] safety." Defendant Hortelano allegedly

---

[3] Although Plaintiff purports to assert both a threat-to-safety and a medical claim in each count, his First Amended Complaint is better characterized as asserting a threat-to-safety claim in Count One, a threat-to-safety claim and a medical claim in Count Two, and a medical claim in Count Three.

laughed at Plaintiff; told him, "No"; and instructed him to "go fight the inmates who were bullying [him], ganging up on [him], [and] th[r]eatening [his] safety." As a result of the December 4 assault, Plaintiff allegedly suffered concussions, seizures, knots on his head, issues with his right eye, problems sleeping and relaxing, nightmares, headaches, and "mental issues," including fear, distress, and post-traumatic stress disorder.

In Count Two, Plaintiff claims that after the December 4 assault, "medical" failed to treat him properly. According to Plaintiff, he "told medical" multiple times that there was "something really wrong with [him]" and that he needed to be reexamined because he was suffering blurred vision, double vision, dizziness, and a "pounding" head. "They didn't care," however, and instead of reexamining him, they "sent [him] to the hole," where Plaintiff suffered vomiting and tremors. Plaintiff became unresponsive and was sent to the hospital.

On December 12, 2019, Plaintiff was allegedly transferred to Towers Jail, where he told multiple officers that he was not supposed to be there because he "was being threaten[ed] and accuse[d] as a snitch." The officers told him to "shut up," and stated that he was "where [he was] supposed to be." Plaintiff was later assaulted by three inmates. After the assault, detention officers refused to send Plaintiff to the hospital. As a result of the foregoing conduct, Plaintiff allegedly suffered concussions, seizures, knots on his head, "issues" with his right eye, headaches, difficulty sleeping and relaxing, and mental issues, including fear, distress, post-traumatic stress disorder, and nightmares.

In Count Three, Plaintiff asserts that "medical did nothing for [him]" following the December 12, 2019 assault, even though he was vomiting blood and was experiencing blurred vision, headaches, breathing issues, an inability to swallow, and dizziness. Plaintiff told "them" he needed help and asked to be sent to the hospital, but "they didn't care," and he was instead placed in a holding tank for four to five hours. Plaintiff lost consciousness in the holding tank. When he awoke, he was coughing and choking on his own blood. Plaintiff was subsequently transferred to the Lower Buckeye Jail, where he told Defendant Barboza that he needed help because he had passed out and had been coughing up blood

and experiencing blurred vision, dizziness, a pounding head, and difficulty breathing, talking, and swallowing. Defendant Barboza allegedly told Plaintiff, "[S]hut up. [I] don't care. Die," and stated that if Plaintiff did not like the treatment, he should not come to jail. Barboza also threatened to "write [Plaintiff] up" if he did not "shut up." Plaintiff allegedly suffered a bruised back and ribs, a concussion, knots on his head, a contused right eye, distress, post-traumatic stress disorder, difficulty sleeping and relaxing, nightmares, headaches, and issues with his throat that necessitated surgery on his voice box.

### IV.     Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

#### A.     Defendant Maricopa County

"A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents." *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that Defendant Maricopa County maintained a specific policy or custom that resulted in a violation of

Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. Thus, the Court will dismiss without prejudice Defendant Maricopa County.

### B.     Detention Officers and Correctional Health Services Staff

To the extent Plaintiff's claims against Defendants Detention Officers and Correctional Health Services Staff are premised on undifferentiated allegations against a group of individuals, such allegations are not sufficient to state a claim. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (section 1983 allegation that "lumped [defendants] together in a single, broad allegation" did not satisfy Federal Rule of Civil Procedure 8(a)(2)). Insofar as Plaintiff's claims against these Defendants are premised on the conduct of individual members of Correctional Health Services or detention staff, the Court cannot impose liability against an entire category of employees based on the conduct of a few unidentified staff members. In order to state a claim, Plaintiff must name each individual staff member as a Defendant and make it clear how each individual violated his rights. Because Plaintiff has failed to state a claim against Defendants Detention Officers and Correctional Health Services Staff, these Defendants will be dismissed without prejudice.

### C.     Jane Doe 1 and Jane Doe 2

Plaintiff does not allege any facts against the Defendants identified in the First Amended Complaint as Jane Doe 1 and Jane Doe 2. Accordingly, he has failed to state a

claim against these individuals, and they will be dismissed without prejudice.

**D.     Defendant Hortelano**

Plaintiff's threat-to-safety claim against Hortelano arises under the Fourteenth Amendment's Due Process Clause, which grants pretrial detainees the right to be free from punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff's allegation that he told Defendant Hortelano he "need[ed] to be remove[d] . . . for [his] safety" is too vague and conclusory to show that Hortelano was aware of a substantial threat to Plaintiff's safety. In the absence of information demonstrating that Hortelano was aware of the *basis* for Plaintiff's fear, Plaintiff cannot show that Hortelano was deliberately indifferent to a substantial risk of harm. Accordingly, Plaintiff has failed to state a claim against Hortelano in Count One, and this Defendant will be dismissed without prejudice.

**V.     Claim for Which an Answer Will Be Required**

Liberally construed, Plaintiff has stated a claim against Defendant Barboza for deficient medical care, and this Defendant will be required to respond to Count Three.

## VI. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 8) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $46.01.

(3) Counts One and Two are **dismissed** without prejudice.

(4) Defendants Maricopa County, Hortelano, Jane Doe 1, Jane Doe 2, Correctional Health Services staff, and Detention Officers are **dismissed** without prejudice.

(5) Defendant Barboza must answer Count Three.

(6) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 7), this Order, and both summons and request for waiver forms for Defendant Barboza.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, this action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(9) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(11) If Defendant agrees to waive service of the Summons and First Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(12) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned

TERMPSREF

by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)    personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13)    Defendant Barboza must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14)    This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 9th day of September, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

TERMPSREF

- 10 -